IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA, *Plaintiff*, | |
|---|---|
| v. | No. 95-CR-159 |
| THADDIUS CHRISTOPHER GOINS, *Defendant*. | |

**Defendant's Unopposed Motion for First Step Act Resentencing and
to View Sealed Documents**

Thaddius Christopher Goins moves this Court for resentencing under the First Step Act. Mr. Goins also requests that counsel for both parties be granted permission to view the following sealed documents for purposes of resentencing:

| Docket Entry No. | Document |
|---|---|
| 117 | Final Presentence Report |
| 155 | Sealed Supp. Addendum to PSR |
| 253 | Sealed Motion by USA |
| 256 | Sealed Order |
| 259 | Sealed Amended Judgment |
| 285 | Sealed Addendum to PSR |

I.  **Background**

Mr. Goins was indicted in 1995 on one charge of conspiring to possess with intent to distribute more than 50 grams of cocaine base (i.e., "crack"), and one charge of

aiding and abetting the possession with intent to distribute more than 50 grams of cocaine base. At the time, both counts were subject to a mandatory minimum term of ten years in prison and an enhanced maximum of life under 21 U.S.C. § 841(b)(1)(A)(iii). In October 1995, after a seven-day trial, a jury found Mr. Goins guilty on both counts.

For purposes of sentencing, Mr. Goins was held accountable for 2.9 kilograms of cocaine base.[1] At the time, that quantity triggered a base offense level of 38. After a two-level firearm enhancement and a two-level manager/leader enhancement, *see Thomas*, 120 F.3d at 574-75, Mr. Goins' total offense level settled at 42. *See* Judgment at 6 (docket entry 158). This level, combined with a criminal history category of IV, generated a Guidelines range of 360 months to life. *Id.* In February 1996, the Court sentenced Mr. Goins to concurrent terms of 380 months' imprisonment and five years of supervised release. *Id.* at 1-3. In January 2004, the Court granted a government Rule 35 motion and reduced Mr. Goins' sentence to 336 months. *See* May 13 Order at 1; *see also* Docket Entries 253, 256, 259.

---

[1] This amount is referenced in the Fifth Circuit opinion in Mr. Goins' direct appeal, *United States v. Thomas, et al.*, 120 F.3d 564, 569 (5th Cir. 1997), Mr. Goins' brief in that appeal, Brief for Appellant at 23, *United States v. Goins*, No. 96-20096, 1996 WL 33497661, at *23, and this Court's earlier, now-withdrawn order. *See* Order Denying Sentence Reduction at 2, *United States v. Goins*, No. 95-cr-159 (S.D. Tex. May 13, 2019) (May 13 Order), *withdrawn by* Order Appointing Counsel, Withdrawing May 13 Order, and Granting Leave to Move for Resentencing, *United States v. Goins*, No. 95-cr-159 (S.D. Tex. July 2, 2019) (July 2 Order).

In 2008 and 2010, Mr. Goins twice sought, and was twice denied, a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the 2007 amendments to the drug guideline. *See* May 30, 2008 Order Denying Reduction at 1 (docket entry 275); July 21, 2010 Memorandum and Order Denying Reduction (docket entry 280).[2] On April 21, 2015, the probation officer sua sponte filed a sealed addendum to the presentence report, likely discussing Mr. Goins' eligibility for a Section 3582(c)(2) reduction based on the 2014 "drugs minus 2" amendment to the drug guideline. *See* Docket Entry 285. On May 7, 2015, "upon motion of . . . the court," this Court entered an order denying any reduction. *See* May 2015 Order Denying Reduction at 1 (docket entry 286). On July 13, 2015, after the order denying any reduction, Mr. Goins filed a pro se motion for a Section 3582(c)(2) reduction in light of the 2014 amendments. *See* Docket Entry 287. No further action was taken by the Court. In April of 2016, Mr. Goins filed a letter requesting an update on the status of his July 2015 motion. *See* Docket Entry 289. Again, the Court took no action.

On January 29, 2019, Mr. Goins, again acting pro se, filed another motion to reduce his sentence under Section 3582(c)(2), cursorily invoking the First Step Act of

---

[2] The docket text erroneously characterizes the 2008 order as one "reducing sentence pursuant to 18 USC 3582." The documents cited above clearly state that the 2008 reduction motion was denied.

2018 (discussed in detail below) and the previously unapplied 2014 Guidelines amendments. *See* Pro Se Reduction Motion at 1-3 (docket entry 290). Mr. Goins did not request counsel, and none was appointed. On May 13, 2019, this Court denied the motion in a written order, concluding that Mr. Goins "is not eligible for a reduced sentence" under the First Step Act in light of the quantity of cocaine base for which he was held accountable at sentencing. *See* May 13 Order at 2. Prior to reaching that conclusion, the order stated, counterfactually, that Mr. Goins' sentence was further reduced from 336 months to 302 months "[i]n November 2015" on "a Motion for Sentence Reduction under" Section 3582(c)(2). *Id.* at 1.

On June 12, 2019, Mr. Goins filed a motion asking this Court to reappoint the Federal Public Defender as his counsel, to withdraw its May 13 Order, and grant him leave to file a renewed motion for resentencing. *See generally* Docket Entry 292 at 1-18. As to the second request, Mr. Goins contended that the prior order should be set aside because (1) it contained a material factual error (his sentence had not been reduced a second time in November 2015) and, (2) the conclusion that he was ineligible for relief under the First Step Act was contrary to the Act's plain language. *See id.* at 7-12. In support of the third request, Mr. Goins explained that compelling reasons exist militating in favor of the Court exercising its discretion to impose a reduced sentence under

4

the Act. *See id.* at 12-16.

In an order entered on July 2, 2019, this Court appointed the Federal Public Defender to represent Mr. Goins going forward, withdrew its May 13 Order, and granted leave to move again for resentencing. *See* July 2 Order at 1. The Bureau of Prisons' website currently lists Mr. Goins' release date as July 29, 2020.

## III. The Court should hold a hearing to impose a reduced sentence under the First Step Act.

Mr. Goins is eligible for resentencing under Section 404(a) of the First Step Act, and there are compelling reasons that favor reducing his sentence under Section 404(b) of the Act. Accordingly, the Court should order a hearing for the purpose of determining whether, and to what extent, to exercise its discretion to impose a reduced sentence.

### A. The Fair Sentencing Act and the First Step Act

In 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack and powder cocaine in federal sentencing by increasing the threshold amounts required to trigger mandatory minimum and enhanced maximum sentences for crack offenses. To trigger the penalties Mr. Goins was subject to—i.e., a mandatory minimum prison term of ten years, a maximum prison term of life, and a minimum five years of supervised release—a crack offense must now involve more than 280 grams, rather than the prior threshold of 50 grams or more. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

The 2010 Act also increased the amount of crack cocaine needed to trigger a five-year mandatory minimum sentence, 40-year maximum, and a minimum four-year term of supervised release from 5 to 28 grams. *See id.* § 841(b)(1)(B)(iii). And offenses involving less than 5 grams now subject defendants to a maximum of only twenty years in prison and a minimum of three years of supervised release. *See id.* § 841(b)(1)(C). Because Congress neglected to make the Fair Sentencing Act retroactive, these changes applied only to individuals sentenced after the new law became effective on August 3, 2010. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

On December 21, 2018, Congress passed the First Step Act. Section 404 of the First Step Act makes the penalty provisions of the Fair Sentencing Act discussed above retroactive and gives district courts the discretion to reduce a defendant's sentence as if the 2010 changes were in effect at the time of the offense. In full, Section 404 provides:

> (a) Definition of Covered Offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Section 404, First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194 (2018).

### B. Mr. Goins is eligible for resentencing under the First Step Act.

To be eligible for relief under Section 404 of the First Step Act, a defendant must have been convicted of a "covered offense." First Step Act § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . ., that was committed before August 3, 2010." *Id.* § 404(a). And Section 2 of the Fair Sentencing Act modified the penalties for, *inter alia*, violating 21 U.S.C. § 841(b)(1)(A)(iii). *See* Pub. L. No. 111-220, 124 Stat. 2372. This Court recently joined the chorus of federal district courts that have concluded that the plain language of Section 404(a) conditions First-Step-Act eligibility solely on the defendant's prior statute of conviction, without regard to the amount of crack for which he was held accountable at sentencing. *See* Memorandum and Order at 10, *United States v. White*, No. 99-cr-628-04 (S.D. Tex. July 17, 2019) (Rosenthal, J.) (*White* Order); *see also id.* at 4-5 n.1, 4-8 (collecting and discussing cases so holding).

Because this conclusion is on all fours with Mr. Goins' argument on this issue in the prior June 12 motion, *see* Docket Entry 292 at 9-12, he will not belabor the point here. Section 404(a) "bases eligibility on what is charged in the indictment, not on the defendant's offense conduct," *White* Order at 10, and both of Mr. Goins' convictions were for charged violations of Section 841(b)(1)(A)(iii). *See* Judgment at 1 (docket entry 158). Therefore, Mr. Goins convictions were for "covered offense[s]" under Section 404(a) and he is eligible to seek relief under Section 404(b).

### C. The Court should impose a reduced sentence.

Mr. Goins has been in federal custody since July 14, 1995. His 380-month sentence was imposed in 1996—when the statutory and Guidelines penalties for his offenses were keyed to the infamous 100-to-1 crack-to-powder sentencing ratio. That ratio is now universally derided as unduly harsh, unfair, arbitrary, and even racially biased. *See Kimbrough v. United States*, 552 U.S. 85, 95-100 (2007) (detailing the history and criticisms of the crack/powder disparity); *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (summarizing same). The Fair Sentencing Act eliminated the 100-to-1 ratio on a prospective basis in 2010, *see Dorsey*, 567 U.S. at 269, and the overriding policy goal of Section 404 of the First Step Act is to provide courts a mechanism to redress the inequities that disparate ratio visited on the class of individuals—like Mr. Goins—who were sentenced

8

before the 2010 changes. In other words, the Act gives this Court the discretion to reassess Mr. Goins' sentence in light of the punishment the law would recommend if he committed his offense today. And for the reasons that follow, Mr. Goins can make a strong case in favor of the Court exercising its discretion to impose a reduced sentence.

For one, under current law, Mr. Goins' offenses would be subject to a lower Sentencing Guidelines range. As noted above, prior to a series of retroactive amendments to the drug guideline, Mr. Goins' total offense level of 42 and criminal history category of IV cemented his range at 360–life. But under the 2018 Guidelines, the base level for at least 2.8 but less than 8.4 kilograms of cocaine base is only 34. *See* USSG § 2D1.1(a)(5), (c)(3). Therefore, even assuming that both of Mr. Goins' original enhancements and his criminal history category IV designation would still be appropriate, a reduced total offense level of 38 would yield a range of 324–405 months—well below the range to which Mr. Goins' initial 380-month sentence was originally anchored.

Importantly, the lower Guidelines range changes the benchmark not only for the Court's original sentencing decision but also for its subsequent discretionary reduction pursuant to the government's Rule 35 motion. The 380-month sentence the court originally imposed was 20 months above the low end of the 360–life range. And the 2004 reduction (to 336 months) was anchored to *that* 380-month term. Accordingly, it makes

sense to recalibrate the degree of the Rule 35 reduction based on a sentence anchored to the lower, amended range.

Even if the court retraced the same steps it previously took, starting from the 324–405 range the Guidelines would recommend today would make all the difference for Mr. Goins. As noted, the Court originally sentenced Mr. Goins 20 months above the low end, and then later reduced his sentence by 44 months under Rule 35. Following the same path from the current Guidelines range would lead to a 300-month sentence ([324 + 20] – 44). Given Mr. Goins' current July 29, 2020, release date, that term would be well below the 322-month sentence that (factoring in good-time credit) would place him on time-served status. In other words, as of the filing of this motion, an overall reduction of just 14 months would allow the Court to impose a reduced sentence of time served.

Several additional factors that have changed since the original sentencing decision are relevant to the Court's balancing of the Section 3553(a) factors and militate in favor of reducing Mr. Goins' sentence. Foremost among those factors is that the law's understanding of the seriousness of crack-cocaine offenses has changed. As noted, it is now universally recognized that the penalties the law previously applied to cocaine base,

as opposed to powder cocaine, did not accurately reflect the seriousness of the underlying conduct. *See Kimbrough*, 552 U.S. at 95-100. Mr. Goins' offense was certainly serious, and he was appropriately punished more severely than his co-defendants according to his role.[3] But the lens through which Mr. Goins' offense is viewed today is drastically different than the lens through which the Court peered in 1996.

Further, Mr. Goins anticipates that, if granted resentencing, he will be able to produce certificates demonstrating that he has made productive use of his time during the nearly 24 years he has been incarcerated.[4] This Court has the discretion to consider this kind of positive post-sentencing conduct in balancing the Section 3553(a) factors, *see Pepper v. United States*, 562 U.S. 476, 490-91 (2011), and several other district courts have done just that in imposing reduced sentences under the First Step Act. *See* Docket Entry 292 at 15-16 (citing, *e.g.*, *United States v. Brown*, No. CR073541, 2019 WL 1895090, at *3 (D. Minn. Apr. 29, 2019); *United States v. Davis*, No. 07-CR-245S, 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019); *United States v. Fountain*, No. 09-CR-00013-MR-WCM-9, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019)).

---

[3] *See Thomas*, 120 F.3d at 569 (noting that Goins' co-defendants received sentences of 292 months (Thomas), 292 months (Harmon), and 235 months (Jackson), respectively).

[4] Counsel hoped to attach copies of said certificates to this motion, but he has encountered difficulties obtaining the certificates from Mr. Goins' current facility.

Finally, at the very least, Mr. Goins' eligibility for retroactive application of the lowered statutory penalties of the Fair Sentencing Act weighs in favor of this Court reducing his term of supervised release from five years (the minimum term at the time of original sentencing) to four years (the retroactively applicable minimum).

IV. Conclusion

Section 404 of the First Step Act grants broad discretion to reduce sentences imposed under the excessively harsh penalty structure that Congress has now renounced. Mr. Goins is deserving of such a reduction, and he respectfully asks this Court to order a hearing to impose a reduced sentence. He further asks the Court to grant counsel for both parties permission to view the sealed documents at docket entries 117, 155, 253, 256, 259, and 285, for purposes of these proceedings.

Respectfully submitted,
MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas

s/ *Evan G. Howze*
EVAN G. HOWZE
Assistant Federal Public Defender
Southern District Bar No. 2210314
Texas Bar No. 24081579
440 Louisiana Street, Suite 1350
Houston, Texas 77002
*Counsel for Defendant*

## CERTIFICATE OF CONFERENCE

I certify that on July 24, 2019, counsel for the plaintiff, Assistant United States Attorney Bryan K. Best, advised that the government is unopposed to Mr. Goins' requests for resentencing under the First Step Act and for permission to view the sealed documents identified above.

s/ *Evan G. Howze*
EVAN G. HOWZE

## CERTIFICATE OF SERVICE

I certify that on July 24, 2019, a copy of this motion was served upon counsel for plaintiff by notice of electronic filing.

s/ *Evan G. Howze*
EVAN G. HOWZE